UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER BURCHAK, | ) | Case No.: 1:16 CV 318 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| CUYAHOGA SHERIFF'S DEPT., et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* plaintiff Jennifer Burchak has filed this action in connection with a foreclosure action brought against her (and Eric G. Burchak) in Ohio state court, *U.S. Bank National Association v. Eric G. Burchak, et al.,* CV-12-787641 (Cuyahoga Cty. Court of Common Pleas). The state court entered a judgment of foreclosure against the plaintiff and ordered the mortgaged property to be sold. On July 28, 2014, the state court entered a decree of confirmation, confirming the sale and directing the Cuyahoga County Sheriff to execute and deliver a deed to U.S. Bank National Association. The court issued a writ of possession on January 4, 2016.

Plaintiff now files the instant action, purporting to assert claims under 42 U.S.C. §§ 1983, 1985, and 1986 against the Cuyahoga County Sheriff's Department, Clifford Pinkney, Felty & Lembright, and U.S. National Association. Although the Complaint is unclear, plaintiff alleges she received a

telephone call on February 10, 2016 that her eviction was scheduled for the next day, but claims she never received notice required by Ohio law of the scheduled eviction. She further alleges, in summary fashion, that the judgment of foreclosure against her was the result of a conspiracy to deprive her of her rights.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Given the most liberal construction, the Complaint does not contain allegations suggesting plaintiff might have a valid federal claim against these defendants, or even that there is a plausible basis for this Court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: <u>February 29, 2016</u>         <u>/s/ *John R. Adams*</u>
                                                   JOHN R. ADAMS
                                                   UNITED STATES DISTRICT JUDGE